## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA

**DAVID H. SHELTON,**

       **Plaintiff,**

  **v.**

**TOWNLEY MANUFACTURING**
**COMPANY, INC.,**

       **Defendant.**

## COMPLAINT

NOW COMES Plaintiff, David H. Shelton, by and through his undersigned counsel, and files this Complaint against Defendant Townley Manufacturing Company, Inc., making claims for unlawful race discrimination in violation of Title VII of the Civil Rights Act of 1964 at 42 U.S.C. § 2000e-2, 42 U.S.C. § 1981, and the West Virginia Human Rights Act, W. Va. Code § 5-11-1 *et seq*. As alleged with greater particularity below, the Plaintiff alleges that Defendant Townley Manufacturing Company, Inc., ("Townley") subjected Shelton to a hostile work environment because of his race (Black) in violation of Title VII. Plaintiff further alleges that Defendant subjected Plaintiff to constructive discharge from his employment because of his race (Black) and in retaliation for engaging in conduct protected under Section 704(a) of Title VII.  Plaintiff further states as follows:

## PARTIES

1) David Shelton ("Plaintiff") is an individual residing in Raleigh County, West Virginia.

2) Townley Manufacturing Company, Inc. ("Defendant Townley") is a for-profit, foreign, corporation organized pursuant to the laws of the State of Florida and is authorized to do business in the State of West Virginia.

3) Defendant's principal place of business is recorded with the West Virginia Secretary of State as 10551 SE 110th St Road, Candler, Florida 32111, and its agent for service of process is designated as Sarah T. Dean, PO Box 221, Candler, Florida 32111

4) At all relevant times, Defendant has continuously been doing business in the State of West Virginia, as well as other states, and has continuously employed at least fifteen employees.

5) At all relevant times, Defendant has continuously been an "employer engaged in an industry affecting commerce" within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

6) At all relevant times, Defendant acted through its agents, supervisors,directors, officers, employees, and assigns, and within the full scope of such agency, office, employment, or assignment.

## ADMINISTRATIVE PROCESS

7) More than 30 days prior to the institution of this lawsuit, Plaintiff filed a charge of discrimination (case no. ER-159-19) with the West Virginia Human Rights Commission ("Commission") alleging that Defendant violated Title VII.

8) The administrative action before the West Virginia Human Rights Commission is a dual-filed action pursuant to 29 CFR §1640.8 and is assigned case number 17J-2019-00129 before the EEOC.

9) Throughout calendar years 2018 and 2019, Defendant continuously employed more than one hundred employees across its various locations.

10) On March 15, 2022, the Commission made an administrative determination finding reasonable cause to believe that Defendant committed employment discrimination in violation of the West Virginia Human Rights Act ["WVHRA"] and notified Plaintiff that an administrative law judge would schedule a public hearing.

11) On April 8, 2022, Plaintiff, by counsel, requested a right to sue pursuant to W.Va. Code §5-11-13(b).

12) On April 11, 2022, the West Virginia Human Rights Commission entered an order staying proceedings therein and granting Plaintiff the right to bring this action.

13) All conditions precedent to the institution of this lawsuit have been fulfilled.

## JURISDICTION AND VENUE

14) This Court has subject matter jurisdiction over Plaintiff's claims under

15) Title VII of the Civil Rights Act of 1964 at 42 U.S.C. § 2000e-2 ("Title VII") and 42 U.S.C. §1981 because these claims arise under the laws of the United States.

16) This Court has supplemental jurisdiction over Plaintiff's claims under the West Virginia Human Rights Act, W. Va. Code § 5-11-1 et seq. ("WVHRA") pursuant to 28 U.S.C. §1367.

17) At all relevant times, Plaintiff was employed by Defendant in the Beckley Division of the Southern District of West Virginia.

18) Venue is appropriate in the U.S. District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

**FACTS**

19) Plaintiff is African American and, at all times relevant hereto, Plaintiff was a resident of Raleigh County, West Virginia.

20) In or about August 2019, Plaintiff was hired as a sandblaster by Defendant after having been placed by a temporary staffing agency, Saunders Staffing.

21) While Plaintiff was employed by Defendant, the Defendant also employed David Creed, Mike Osborne, and Dan Fisher.

22) David Creed's race is White.

23) Upon information and belief, Dan Fisher was the manager of the facility which employed both Plaintiff and David Creed.

24) Upon information and belief, during the time that Plaintiff was employed by Defendant, Mike Osborne ["Osborne"] was the assistant manager or supervisor who reported to Dan Fisher ["Fisher"].

25) Plaintiff was the only African American employed at Defendant's facility between when he was hired in August 2018 until his separation from employment on or about February 13, 2019.

26) Between August 2018 and February 8, 2019, David Creed ["Creed"], while Plaintiff worked as a sandblaster, Creed subjected him to a continuing unlawful employment practice in the form of an unwelcome and offensive hostile work environment because of his race by openly and notoriously making offensive, racist and discriminatory actions and statements to Plaintiff including, but not limited to, the following:

   a)   Creed made gestures as if he were going to hit Plaintiff.

   b)   Creed said if Plaintiff went hunting with him it would be like a movie called "Surviving the Game" which involved white men hunting a Black man with dreadlocks like those of Plaintiff.

   c)   Creed said Plaintiff would not get a Christmas bonus because he would just use it to fund his crack business.

   d)   Creed made fun of Plaintiff's dark skin color and said Plaintiff could not be seen at night unless he smiled.

e) The day after Martin Luther King Day in 2019, Creed walked by and said aloud to Plaintiff, "Off your ass and on your feet." When Plaintiff explained there was no current work for him to do, Creed replied, "Martin Luther King Day is over. Get to work, boy."

f) Plaintiff had been building a table out of scrap during down time, but Creed belittled it and told Plaintiff it would "just wind up in the hood."

g) Creed called me "Toby Bryant" which Plaintiff took as a racial slur and derogatory name.

27) The actions and statements made by Creed during Plaintiff's employment created a hostile work environment because of Plaintiff's race (Black) in violation of Title VII.

28) Defendant was either aware of or deliberately indifferent to the provocative actions and statements made by Creed against Plaintiff.

29) Rather than take disciplinary action, Defendant's agent, Osborne, only encouraged Creed and Plaintiff to work

30) On February 8, 2019, Creed again made racist, derogatory, and offensive comments and engaged in a verbal exchange with Plaintiff.

31) Rather than discipline Creed, Osborne, after consulting with Fisher, told Plaintiff to go home for the remainder of the day.

32) Osborne told Plaintiff that he was making Creed go home for the day as well, but later when Plaintiff drove back past the workplace, Creed's automobile was still located on the site.

33) Plaintiff then realized that, instead of supporting him when victimized by Creed, Defendant punished Plaintiff by sending him home and gave the offending employee, Creed, either the same punishment Plaintiff received for tolerating Creed's abuse and, at least, no disciplinary action at all.

34) The Defendant, by failing to take action to protect Plaintiff from continuing abuse based upon his race (Black), constructively discharged Plaintiff on February 8, 2019.

35) On April 11, 2022, the West Virginia Human Rights Commission issued a Notice of Right to Sue to Plaintiff.

36) The claim under Title VII in this action is timely filed.

## COUNT ONE:
## CLAIM OF UNLAWFUL RACE DISCRIMINATION IN VIOLATION OF TITLE VII

37) Plaintiff incorporates by reference Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38) Defendant is an "employer" as defined in Title VII at 42 USCS §2000e.

39) Plaintiff is an "employee" as defined in Title VII at 42 U.S.C. § 2000e.

40) Plaintiff is African American and is within a category of protected people under Title VII.

41) Title VII provides at 42 U.S.C. 2000e-2 that it "shall be an unlawful employment practice for an employee to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race."

42) Defendant subjected Plaintiff to unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by creating a hostile work environment because of race (Black).

43) The discriminatory practices described above were unwelcome; based on race; offensive; and sufficiently severe or pervasive, both objectively and subjectively, to alter the terms or conditions of employment for Plaintiff.

44) Defendant knew or should have known about the harassment committed by its non-supervisory employee, Creed, but failed to take prompt action calculated to end the harassment and prevent it from reoccurring.

45) The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race (Black).

46) The unlawful employment practices complained of above were intentional.

47) The unlawful employment practices complained of above were done with malice or reckless indifference to Plaintiff's federally protected rights.

48) Plaintiff has exhausted his required administrative remedies under Title VII by filing a Charge of Discrimination with the West Virginia Human Rights Commission and obtaining a Notice of Right to Sue fromthe Commission and is timely filing the instant action.

49) Due to Defendant's unlawful discriminatory conduct, Plaintiff has suffered lost wages with interest, lost benefits, aggravation, emotional distress, humiliation, loss of dignity, mental

anguish and other damages for which Defendant is liable.

50) Defendant engaged in an unlawful discriminatory practice with malice or with reckless indifference to Plaintiff's federally protected rights to be free from discrimination because of his race.

51) As a consequence of the conduct of Defendant Milam and Defendant Lightning, Plaintiff is entitled to punitive damages.

52) Plaintiff is also entitled to recover attorneys' fees and costs.

## COUNT TWO:
## CLAIM OF UNLAWFUL RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

53) Plaintiff incorporates by reference Paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54) 42 U.S.C. § 1981 provides a cause of action against private parties who deprive others of the power to make and enforce contracts, including contracts of employment, on the basis of race.

55) From August 2018 until in or about February 8, 2019, Defendant engaged in unlawful discriminatory conduct by creating or permitting a hostile work environment that was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of Plaintiff's employment was thereby altered.

56) The hostile working environment permitted to exist during Plaintiff's term of employment with Defendant occurred on such a regular basis as to be pervasive.

57) The unlawful conduct of Defendant violated 42 U.S.C. § 1981.

58) Due to Defendant's unlawful discriminatory conduct, Plaintiff has suffered lost wages with interest, lost benefits, aggravation, emotional distress, humiliation, loss of dignity, mental anguish and other damages for which Defendant is liable.

59) Defendant did not engage in good faith efforts to comply with Title VII.

60) Defendant engaged in an unlawful discriminatory practice with malice or with reckless indifference to Plaintiff's federally protectedrights to be free from discrimination because of his race.

61) As a consequence of the conduct of Defendant,Plaintiff is entitled to punitive damages.

**COUNT THREE:**
**CLAIM OF UNLAWFUL RACE DISCRIMINATION IN VIOLATION**
**OF THE WEST VIRGINIA HUMAN RIGHTS ACT, W. VA. CODE §5-11-1 et seq.**

62) Plaintiff incorporates by reference Paragraphs 1 through 62 of this Complaint as if fully set forth herein.

63) At all relevant times herein, Defendant was a "person" and "employer"within the meaning of the WVHRA, W.Va. Code § 5-11-3.

64) At all relevant times herein, Plaintiff was an "employee" within the meaning ofthe WVHRA, W.Va. Code § 5-11-3.

65) The WVHRA at W. Va. Code § 5-11-9 provides it is unlawful for a person and employer to discriminate against an individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment on the basis of race.

66) Defendant violated the WVHRA by failing to hire Plaintiff because of his race based upon the actions and omissions set forth above.

67) As a direct result of Defendant's unlawful conduct, Plaintiff has suffered and will suffer injury and damages, including but not limited to, lost wages with interest, lost benefits, aggravation, emotional distress, humiliation, loss of dignity, mental anguish and other damages for which Defendant is liable.

68) Based upon Defendant's willful and/or malicious conduct, Plaintiff is entitled to recover punitive damages.

69) Plaintiff is also entitled to recover attorneys' fees and costs.

**PRAYER FOR RELIEF**

 WHEREFORE, Plaintiff prays for the following relief:

A. That Plaintiff may have a trial by jury.

B. That Plaintiff be awarded all damages provided by Title VII, 42 U.S.C. § 1981, and the WVHRA, including but not limited to, lost wages, including back pay and front pay, lost benefits, damages for emotional distress, humiliation and mental anguish, punitive damages, and other damages and equitable remedies for which Defendant is liable.

C. That Plaintiff be awarded his reasonable attorneys' fees and costs for having to bring this action.

D. That Plaintiff be awarded pre-judgment and post-judgment interest thereon; and

E. That Plaintiff be awarded such other relief as this Court may deem as just and equitable.

**DAVID H. SHELTON,**
By Counsel

/s/ Paul W. Roop, II
Paul W. Roop, II, Esq. (WVSB#5406)
Roop Law Office LC
PO Box 1145
Beckley, WV  25802-1145
Tel. 304-255-7667